UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE PARDO,<br><br>            Petitioner,<br><br>    v.<br><br>MATTHEW CATE,<br><br>            Respondent. | Case No. EDCV 09-1527 CJC(JC)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the operative First Amended Petition for Writ of Habeas Corpus by a Person in State Custody filed in the instant case ("First Amended Petition") and the operative Petition for Writ of Habeas Corpus filed in Case No. EDCV 11-771 (which has been consolidated into the instant Case No. EDCV 09-1527) ("Petition") (collectively "Petitions"), and all of the records in this consolidated case including the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation" or "R&R") and petitioner's objections to the Report and Recommendation ("Objections"). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions,

and recommendations of the United States Magistrate Judge and overrules the Objections.[1]  The Objections largely mischaracterize the Report and Recommendation.  This Court specifically addresses certain portions of the Objections below.

Petitioner objects that the "[t]he R&R opines (R&R 13, fn 15), that the 'jury (was) apparently aware" of [certain] medical records but there is NO evidence at any place in the record to support such a conclusion." (Objections at 4) (emphasis in original).  Petitioner ignores the R&R's citation to (i) petitioner's father's declaration which reflects that the jury foreperson told petitioner's father that the "jury had a question regarding the timing of the incident on the Emergency Room paperwork, which showed the time of arrival of 1600" and (ii) the referenced emergency room report which showed such time of arrival.  (R&R at 13 n.15) (citing B. Pardo Decl. ¶ 8 & Pet. Ex. H).

Petitioner objects to the Report and Recommendation's analysis of petitioner's claim that trial counsel's alleged failure to investigate Karee Deardorff as a potential defense witness merits federal habeas relief.  He asserts – without a specific citation to the portion of the Deardorff Declaration which allegedly so reflects – that Deardorff "specifically state[d] that she was available for interview by trial counsel and investigator and was never contacted." (Objections at 6; see also Traverse at 6).  However, as noted in the Report and Recommendation, the Deardorff Declaration submitted with the Petition does not so state.  (R&R at 37-39, 40; Pet. Ex. B).  Petitioner counters that Deardorff did make such a statement in a declaration "presented to the California Supreme Court and signed January 27, 2009. . . . " (Objections at 6).  The record does not so reflect.  Instead, the record reflects that petitioner submitted to the California Supreme Court the same

---

[1] The Court uses the same abbreviations for individuals and record citations that were defined in the Report and Recommendation.  (See R&R at 2 n.2).

1  Declaration of Karee Deardorff, signed August 20, 2009, that has been submitted
2  with the Petition.  Compare Lodged Doc. 23, Exibit B with Pet. Ex. B.[2]  Further,
3  petitioner incorrectly suggests that "[t]he R&R concludes that the complete
4  absence of *note or any report* in the trial file regarding Deardorff somehow
5  establishes that she *was* contacted."  (Objections at 6) (emphasis in original).
6  Instead, the Report and Recommendation simply concludes that petitioner has not
7  satisfied his burden to show that Deardorff was not contacted by trial counsel.
8  (R&R at 40).

Petitioner also argues the Report and Recommendation improperly finds no merit in petitioner's federal claims based on "speculation" regarding arguments or theories which the California Supreme Court could have, but did not *expressly* use for rejecting petitioner's ineffective assistance of counsel claims.  (Objections at 5-9).  The Report and Recommendation's conclusions regarding petitioner's ineffective assistance of counsel claims are reasonably based on the evidence available in the record.  Petitioner's suggestion to the contrary appears to be based, at least in part, on the misinterpretation of several findings in the Report and Recommendation and misunderstanding of the rigorous, and highly deferential standard that must be applied on federal habeas review.[3]

---

[2] Indeed, the record elsewhere reflects that it took petitioner's current counsel some time to locate Deardorff, that counsel "[f]inally [] spoke to [Deardorff] on the phone on July 31, 2009," that Deardorff's "statement" had not been "received" by petitioner's federal habeas counsel until "July 29, 2009," and that the "process" of obtaining Deardorff's declaration was not completed until August 2009 (*i.e.*, long after January 27, 2009). (Petition at 5; Traverse at 4; Bloom II Decl. ¶ 5).

[3] Where, like here, a state court's decision rejecting a claim "is unaccompanied by an explanation," the habeas petitioner still has the burden to show that "there was no reasonable basis for the state court to deny relief" and, when reviewing such a claim, a habeas court must first determine "what arguments or theories . . . *could have* supported[] the state court's decision" in order to determine whether a state court's application of controlling Supreme Court law was objectively unreasonable.  Harrington v. Richter, 562 U.S. 86, 98, 102, 105 (2011) (emphasis added).  Such standards are "difficult to meet."  Id. at 102.

    Petitioner's other objections are essentially based on the same arguments previously raised, and which the Report and Recommendation properly concludes have no merit.

    Accordingly, IT IS ORDERED that Judgment be entered denying the Petitions and dismissing this consolidated action with prejudice.

    IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Report and Recommendation, and the Judgment herein on counsel for petitioner and respondent.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 31, 2016

_____
    HONORABLE CORMAC J. CARNEY
    UNITED STATES DISTRICT JUDGE